TRINA A. HIGGINS, United States Attorney (#7349)
MARGOT JOHNSON, Assistant United States Attorney (#16513)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801)524-5682

_____

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ODIN MEACHAM, <br><br> Defendant. | **UNITED STATES' POSITION REGARDING DETENTION** <br><br><br> Case No. 2:23-MJ-484 JCB |

   The United States is not seeking detention. However, based on the Defendant's history, release on personal recognizance pursuant to 18 U.S.C. § 3142(b) will not reasonably assure the Defendant's appearance and will endanger the safety of the community. Therefore, the United States requests a hearing on pretrial release conditions pursuant to 18 U.S.C. § 3142(c).

### Factors to Be Considered

   Pursuant to 18 U.S.C. § 3142(c) the United States will be requesting a number of pretrial release conditions. In this case, the Complaint was filed on or about May 4, 2023, in the United States District Court for the District of Columbia charging the Defendant with the following offenses:

- 18 U.S.C. §§111(a)(1) and (b) – Assaulting, Resisting or Impeding Certain Officers Using a Dangerous Weapon;
- 18 U.S.C. § 231(a)(3)- Civil Disorder;

- 18 U.S.C. § 1752(a)(l) and (b)(l)(A)- Entering and Remaining in a Restricted Building or Ground with a Deadly or Dangerous Weapon;
- 18 U.S.C. § 1752(a)(2) and (b)(l)(A)- Disorderly and Disruptive Conduct in a Restricted Building or Grounds;
- 18 U.S.C. § 1752(a)(4) and (b)(l)(A)- Engaging in Physical Violence in a Restricted Building or Grounds; and
- 40 U.S.C. § 5104(e)(2)(F)-Act of Physical Violence in the Capitol Grounds or Buildings.

The Defendant's actions that gave rise to the criminal Complaint took place during the January 6, 2021 attack on the Capital. His actions and the actions of others disrupted a joint session of the U.S. Congress convened to ascertain and count the electoral votes related to the presidential election. The Complaint outlines the process that law enforcement went through in order to identify the Defendant as the person who committed the above charged offenses.

The Defendant's violent conduct that gave rise to the charges includes: striking at least one U.S. Capitol Police officer with a large wooden pole, attempting to pull a bike rack away from the officers at the scene, throwing a black metallic pole at a Metropolitan Police Department officer and hitting that officer with the pole, emerging from a crowd and signaling to the crowd to "lean in" in an effort to galvanize the crowd to approach and overwhelm the officers on scene, and attempting to grab and take possession of a Metropolitan Police Department Officer's baton.

The Defendant's violent criminal actions have negatively affected multiple victims. One victim remembers the Defendant as being an instigator in the crowd and he was assaulted multiple times throughout that day (on one occasion by the Defendant), another victim indicated that he has never experienced that level of animosity, violence and anger directed towards him before or since, and the last victim remembered the Defendant specifically because of his actions in the crowd that day.

After obtaining the arrest warrant and identifying where the Defendant's mother resided, law enforcement approached the Defendant's mother's residence to see if she could provide them with information on the Defendant's whereabouts. She indicated that the Defendant resided on her rural property in a structure and after she made contact with the Defendant, he came to his mother's residence to talk to officers. It was at this time he was taken into custody.

Here, although the United States is not seeking detention, given the seriousness of the Defendant's conduct, the fact that he endangered the safety of multiple individuals, including at least three officers, two of which with wooden and/or metallic poles, and the fact that he was involved criminally in civil disorder, the United States respectfully

requests that the following pre-trial conditions be imposed.

- Impose GPS monitoring;
- The Defendant should be restricted from traveling to the District of Columbia subject to the following exceptions: to attend Court, comply with Pretrial conditions, or to consult with his attorney;
- The Defendant should remain off of the Capitol grounds;
- The Defendant should be required to advise Pretrial Services of any travel within the United States outside of Utah;
- The Defendant should be required to surrender his passport and should be restricted from traveling outside of the continental United States without prior approval from the Court;
- The Defendant should be required to verify his address and employment with Pretrial Services weekly;
- The Defendant should be required to participate in all future proceedings as directed;
- The Court should order that the Defendant must attend his initial appearance for this case in the District of Columbia which has currently been set for Thursday June 1, 2023 at 1:00 pm via zoom teleconference.
- The Defendant should be restricted from possessing any firearms, destructive devices, or other weapons;
- The Defendant should be restricted from committing any local, state, or federal crimes; and
- Any other conditions deemed necessary by the Court.

DATED this 17th day of May, 2023.

                                        TRINA A. HIGGINS
                                        United States Attorney

                                        _____
                                        MARGOT JOHNSON
                                        Assistant United States Attorney